**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-60030

(Summary Calendar)
_____


HERMAN BARNES,

                              Petitioner-Appellant,

        versus

        JAMES V. ANDERSON, SUPERINTENDENT,
        MISSISSIPPI STATE PENITENTIARY,

                              Respondent-Appellee.


_____

        Appeal from the United States District Court
          For the Southern District of Mississippi
                    (CA-2:88-CV-223)
_____
                    May 19, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Herman Barnes appeals the dismissal of his federal habeas

corpus petition challenging his convictions in Mississippi state

court.  We affirm.

        Herman Barnes was convicted in separate trials of two counts

of capital murder and was sentenced to two consecutive terms of

---

        [*]        Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

life imprisonment. Barnes appealed his convictions to the Mississippi Supreme Court claiming, *inter alia*, that his confession was involuntary and extracted in violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. The Mississippi Supreme Court affirmed both convictions without written opinion. *Barnes v. State*, 507 So.2d 380 (Miss. 1987); *Barnes v. State*, 506 So.2d 977 (Miss. 1987).

Barnes filed a federal habeas petition with the district court under 28 U.S.C. § 2254. At the magistrate judge's recommendation, the district court dismissed the petition with prejudice on the ground that all of Barnes's claims were barred by *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (holding that Fourth Amendment claims may not be raised in federal habeas corpus proceedings if there was full and fair opportunity to litigate in state court). We affirmed the district court's disposition with respect to Barnes's Fourth Amendment claims but remanded his claims under the Fifth, Sixth, and Fourteenth Amendments for a determination of whether Barnes had exhausted his remedies in state court and, if so, whether his claims were meritorious.

The magistrate judge found that Barnes had exhausted his remedies in state court, but determined that his confession was voluntary and that he properly waived his Sixth Amendment right to counsel. The district court adopted the magistrate judge's

recommendation and dismissed Barnes's petition. We granted a certificate of probable cause for appeal.[1] Barnes challenges the dismissal of his petition on the grounds that his confession was involuntary, that it was procured in violation of his Fifth and Sixth Amendment rights to counsel, that the delay between his arrest and presentation to a magistrate judge violated a liberty interest created by state law, and that the district court judge was prejudiced against him and should have recused himself from the proceedings.

Barnes first contends that his confession was involuntary due to the conditions of his confinement[2] and the fact that more than eighty hours passed between his arrest and initial appearance before a magistrate judge. We disagree.

The Fourteenth Amendment bars admission of confessions at trial unless they are offered freely, voluntarily, and without compulsion or inducement. *Withrow v. Williams*, 507 U.S. 680, 688-90, 113 S. Ct. 1745, 1751-52, 123 L. Ed. 2d 407 (1993). Federal courts look at the totality of the circumstances to determine whether a confession was the product of the accused's free and

---

[1] We granted Barnes's request for a certificate of probable cause (CPC) on June 5, 1996. On April 24, 1996, the President signed the Antiterrorism and Effective Death Penalty Act (AEDPA), which amended 28 U.S.C. § 2253(c)(1) to require that a petitioner obtain a certificate of appealability (COA) prior to appeal in habeas corpus proceedings, rather than a CPC as previously required. In *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996), we held that the standard governing the issuance of a COA is the same as that for a CPC. Therefore, we shall treat Barnes's CPC as a COA.

[2] Barnes argues generally that he was detained "incommunicado" without access to visitors or an attorney.

rational choice. *Id.* at 689, 113 S.Ct. at 1751; *United States v. Rogers*, 906 F.2d 189, 190 (5th Cir. 1990). "[N]o single event is sufficient to place the stamp of involuntariness on [a defendant's] confessions." *Jurek v. Estelle*, 623 F.2d 929, 940 (5th Cir. 1980) (en banc), *cert. denied*, 450 U.S. 1001, 101 S. Ct. 1709, 68 L. Ed. 2d 203 (1981), *and cert. denied*, 450 U.S. 1014, 101 S. Ct. 1724, 68 L. Ed. 2d 214 (1981).

Although a delay of more than forty-eight hours between an arrest and probable cause hearing is a presumptive violation of the Fourth Amendment, *County of Riverside v. McLaughlin*, 500 U.S. 44, 57, 111 S.Ct. 1661, 1670, 114 L. Ed. 2d 49 (1991), the delay is only one aspect of the totality of the circumstances a court should consider when assessing the voluntariness of the confession under the Fifth and Fourteenth Amendments. *West v. Johnson*, 92 F.3d 1385, 1404-05 (5th Cir. 1996). In assessing such claims, we must determine whether there is a causal connection between the delay and the confession. *De La Rosa v. Texas*, 743 F.2d 299, 303 (5th Cir. 1984), *cert. denied*, 470 U.S. 1065, 105 S. Ct. 1781, 84 L. Ed. 2d 840 (1985).

Whether a confession is voluntary is a mixed question of law and fact. *Williams v. Maggio*, 727 F.2d 1387, 1390 (5th Cir. 1984). While this appeal was pending, Congress enacted the AEDPA, which modified the standard of review for such questions in habeas petitions. Section 2254(d)(1) now provides that we may grant an

application for writ of habeas corpus only if the state court's disposition of a mixed question of law and fact "resulted in a decision that . . . involved an unreasonable application of[] clearly established Federal law . . . ."[3] Following our recent decision in *Drinkard*, an application of law to facts is not unreasonable unless "it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect." 97 F.3d at 769.

We find that the record supports the state court's conclusion that Barnes gave his confession freely, voluntarily, and without compulsion or inducement. Although we do not commend the lengthy delay between his arrest and initial appearance before a magistrate, we find no evidence to support a finding that the incarceration caused Barnes to confess. To the contrary, the record indicates that during the first four days of Barnes's confinement, police made no attempt to question him about his possible involvement in the murders other than his voluntary submission to a lie detector test. The sheriff and other officials present when Barnes confessed testified that he was never threatened or offered rewards or leniency in exchange for his confession. The record also reveals that, on at least three occasions prior to his confession, police administered *Miranda*

---

[3]     Amended § 2254(d)(1) applies to appeals, such as this one, pending on the effective date of the AEDPA. *Drinkard*, 97 F.3d at 764-65.

warnings and Barnes indicated that he understood his rights.  In fact, Barnes explicitly waived his *Miranda* rights just prior to dictating his confession to police.  At no time did Barnes request the presence of counsel.  The magistrate judge noted that Barnes was an articulate high school graduate familiar with the legal system and that he was not under the influence of drugs or alcohol at the time of his confession.  In light of the evidence in the record and the totality of the circumstances, we cannot say that the state court's determination that Barnes's confession was voluntary was an unreasonable application of clearly established federal law.

As an additional ground for habeas relief, Barnes argues that police obtained his confession in violation of his Fifth and Sixth Amendment rights to counsel.  Barnes's argument is unconvincing.  The Fifth Amendment guarantees the right to counsel during custodial interrogation regarding an uncharged offense only if the defendant expressly invokes the right. *United States v. Laury*, 49 F.3d 145, 150 (5th Cir.), *cert. denied*, ___ U.S. ___, 116 S. Ct. 162, 133 L. Ed. 2d 105 (1995).  Moreover, a defendant's voluntary decision to answer questions regarding a charged offense after police have administered proper *Miranda* warnings constitutes a knowing and intelligent waiver of the right to counsel under the Sixth Amendment.  *West*, 92 F.3d at 1404; *Montoya v. Collins*, 955 F.2d 279, 282 (5th Cir.), *cert. denied*, 506 U.S. 1036, 113 S. Ct.

820, 121 L. Ed. 2d 692 (1992).  Although Barnes was advised of his *Miranda* rights on at least three occasions))once immediately before he confessed))at no time did Barnes expressly invoke his right to consult an attorney during his confinement or interrogation.  Therefore, we agree with the magistrate judge that Barnes knowingly and intelligently waived his Fifth and Sixth Amendment rights to counsel.

Barnes next contends that the lengthy delay between his arrest and initial appearance before a magistrate violates a state-created liberty interest protected under the due process clause of the Fourteenth Amendment.  Although the Fourteenth Amendment entitles individuals to procedural protections before they can be deprived of a liberty interest created by state law, *Meachum v. Fano*, 427 U.S. 215, 226, 96 S. Ct. 2532, 2539, 49 L. Ed. 2d 451 (1976), state-created procedural rights themselves are not liberty interests within the meaning of the Fourteenth Amendment. *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S. Ct. 1741, 1748, 75 L. Ed. 2d 813 (1983).[4]  Asserted violations of state law cannot provide a basis for federal habeas relief. *West*, 92 F.3d at 1404.  Barnes's claim is thus beyond the scope of our review.

Lastly, Barnes argues that the district court judge should

---

[4]     The Seventh Circuit in *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982), aptly noted that "[i]f a right to a hearing is a liberty interest, and if due process accords the right to a hearing, then one has interpreted the Fourteenth Amendment to mean that the state may not deprive a person of a hearing without providing him with a hearing.  Reductio ad absurdum." *Id.* at 1101.

have recused himself from the proceedings because his opinion demonstrates prejudice against Barnes and his claims. We disagree.

Although any federal "justice, judge or magistrate . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455, adverse rulings alone do not call into question a district judge's impartiality. *Liteky v. United States*, 510 U.S. 540, ___, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994).

There is nothing in the record to suggest that the district court judge held any animus toward Barnes personally or that he was otherwise prejudiced against Barnes or his claims. Therefore, Barnes has shown no grounds for recusal.

For the foregoing reasons, we AFFIRM the district court's dismissal of Barnes's petition.